IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Dalton-Ross Homes, Inc.,            )
                                    )
              Plaintiff,            )        CV 06-851 PCT PGR
                                    )
         vs.                        )        <u>ORDER SETTING SCHEDULING</u>
                                    )        <u>CONFERENCE</u>
Harris Brothers, Inc., et al.,      )
                                    )
              Defendants.           )
_____)

     Pursuant to LRCiv 16.2, this action is designated a

**standard track** case.[1]  Accordingly,

     IT IS ORDERED that:

     (1)  This order shall serve as notice to the plaintiff

under Fed.R.Civ.P. 4(m) that the Court shall dismiss this

action without further notice with respect to any defendant for

whom there is not a proper return of service on file

---

[1]
     The Local Rules for the District of Arizona, as amended, effective
December 1, 2005, may be found at **www.azd.uscourts.gov.**  The Court expects
counsel and unrepresented parties to familiarize themselves with the Local
Rules as the Court will enforce them.
     Counsel are advised that the Chambers' e-mail box, established
pursuant to the Court's CM/ECF rules, is to be used solely for the purpose
of sending proposed orders to the Court, **and is NOT to be used as a means of
communicating with Chambers' staff.**

1   establishing that service of process was accomplished within

2   120 days of the filing of the complaint, unless the plaintiff

3   has filed prior to the expiration of the 120-day service period

4   a motion requesting an extension of time to accomplish service,

5   or unless Rule 4(m) is not applicable because service must be

6   effectuated in a foreign country.

7       (2)   **THE LIMITATION ON THE COMMENCEMENT OF FORMAL**

8   **DISCOVERY SET FORTH IN FED.R.CIV.P. 26(d) IS WAIVED - FORMAL**

9   **DISCOVERY NOT ONLY MAY COMMENCE AT ANY TIME AFTER SERVICE OF**

10  **PROCESS, BUT THE COURT EXPECTS DISCOVERY TO COMMENCE PRIOR TO**

11  **THE SCHEDULING CONFERENCE.**

12      (3)   Pursuant to Fed.R.Civ.P. 16(a), **a Scheduling**

13  **Conference is set for Monday, July 31, 2006, at 1:30 p.m.**, in

14  Courtroom 601 of the Sandra Day O'Connor United States

15  Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.

16  The parties are directed to Rule 16 for the objectives of this

17  conference.  **Lead counsel, or the parties if unrepresented,**

18  **shall appear in person at the Scheduling Conference**.  At least

19  one attorney for each party attending the conference shall have

20  authority to enter into stipulations and make admissions

21  regarding all matters which may be discussed.

22      (4)   The parties are directed to meet, either in person or

23  by telephone, at least 14 days before the date for filing the

24  Joint Case Management Report to confer regarding:[2]

25

26  _____

    [2]

27      The provisions of paragraphs (4) and (5) of this Order are expressly
    intended to modify the provisions of Fed.R.Civ.P. 26(f) regarding the
    meeting of counsel and the filing of a proposed discovery plan.

28

2

A.  The possibility of voluntarily consenting to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) for all further purposes, including but not limited to the conducting of a jury or non-jury trial and the entry of final judgment, and the suitability of the action for referral to an alternative dispute resolution mechanism, pursuant to LRCiv 83.10;

B.  Any matters relating to jurisdiction, venue or joinder of additional parties;

C.  The scope of discovery and possible limitations thereof, including any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedures. The parties are expected to minimize the expense of discovery whenever possible.  In cases in which dispositive motions will be filed, the parties should consider limiting discovery to the issue at hand until the Court has ruled on the motion;

D.  A schedule of all pretrial proceedings, including a trial date, an estimate of the length of trial, and any suggestions for shortening trial;

E.  Prospects for settlement, including whether the parties wish to have a settlement conference before a magistrate judge; and

F.  Any matters which the parties may feel will help dispose of the matter in an efficient and economical manner.

(5) **THE PARTIES SHALL FILE WITH THE COURT, NOT LESS THAN FOURTEEN (14) CALENDAR DAYS BEFORE THE SCHEDULING CONFERENCE, A "JOINT CASE MANAGEMENT REPORT" REFLECTING THE RESULTS OF THEIR**

1  **DISCUSSIONS.**[3]   The Joint Case Management Report shall be

2  personally signed in compliance with Fed.R.Civ.P. 11(a) by an

3  <u>attorney of record</u> for each party, or by the party himself if

4  the party is unrepresented; <u>no counsel or party shall sign the</u>

5  <u>Joint Case Management Report on behalf of an opposing counsel</u>

6  <u>or party</u>.  The Joint Case Management Report shall include

7  individually lettered brief statements, set forth in the

8  following order, indicating:

9         A.  The nature of the case, setting forth the factual

10 and legal bases of the plaintiff's claims and the defendant's

11 defenses in <u>sufficient detail</u> such that the Court need not

12 refer to the parties' pleadings to understand what the case is

13 about;

14        B.  The jurisdictional basis of the case, citing

15 specific statutes;

16        C.  The factual and legal issues genuinely in

17 dispute, and whether they can be narrowed by stipulation or

18 motion;

19        D.  The parties, if any, which have not been served,

20 as well as parties which have not filed an answer or other

21 appearance.  <u>Unless counsel can otherwise show cause, a</u>

22 <u>proposed order or notice of voluntary dismissal shall accompany</u>

23 <u>the joint report dismissing any party, including a</u>

24 <u>fictitiously-named party, which has not been served, or seeking</u>

25

26   ───────────────────
         [3]

27        For purposes of the Court's CM/ECF system, the Joint Case Management
    Report is to be e-filed under the heading of "Report re: Rule 26(f) Planning
    Meeting."
28

1 | entry of default and default judgment on any non-appearing
2 | party;

3 |       E.   The names of parties not subject to the Court's
4 | jurisdiction;

5 |       F.   What formal or informal discovery has been done
6 | and, if none, the reasons justifying the lack of discovery;

7 |       G.   Whether there are further dispositive or
8 | partially dispositive issues to be decided by pretrial motions,
9 | and the legal issues about which any pretrial motions are
10 | contemplated;

11 |       H.   Whether the parties will consent to have a United
12 | States Magistrate Judge preside over all further proceedings,
13 | including trial and the entry of judgment, or to have the case
14 | referred to an alternative dispute resolution method;

15 |       I.   The identity of and status of any related cases
16 | pending before other judges of the District of Arizona or
17 | before any other federal, state, or municipal court (see
18 | LRCiv 42.1(a)(1) for meaning of relatedness), and, if a related
19 | case exists, how the cases are related, and, if the related
20 | case is another federal district court case, whether a motion
21 | to consolidate or transfer has been filed and if none, the
22 | reasons justifying the lack of such a motion;

23 |       J.   Proposed deadlines for (1) filing motions
24 | pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings and
25 | motions to join additional parties; (2) exchanging initial
26 | disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and disclosing
27 |
28 |

1  expert witnesses and their reports pursuant to Fed.R.Civ.P.

2  26(a)(2); (3) completing expert witness depositions;

3  (4) completing discovery; (5) filing dispositive motions; and

4  (6) filing a Joint Pretrial Statement. (**Specific dates, i.e. a**

5  **month, day, and year** - not x days before trial, etc. - for

6  these deadlines must be included <u>in the body</u> of the Joint Case

7  Management Report, using the **attached form** of Scheduling Order

8  as a reference only - do not submit a completed proposed

9  scheduling order.  The proposed dates must not be a federal

10 legal holiday or a weekend.)  If the parties cannot agree on

11 deadlines, separate dates may be submitted for discussion at

12 the Scheduling Conference;

13         K.   Estimated date that the case will be ready for

14 trial, the estimated length of trial, and any suggestions for

15 shortening the trial;

16         L.   Whether a jury trial has been requested, and if

17 the parties differ as to whether a jury trial has been properly

18 requested, the bases for their positions;

19         M.   Whether any settlement negotiations have taken

20 place and the prospects for settlement, including any request

21 to have a settlement conference before another United States

22 District Judge or Magistrate Judge, or other request of the

23 Court for assistance in settlement efforts;

24         N.   In class actions, the proposed dates for class

25 certification proceedings and other class management issues.

26 Such certification will result in the case being reassigned to

27 the **complex track** for case management purposes;

28

1       O.   Whether any unusual, difficult, or complex

2  problems or issues exist which would require this case to be

3  placed on the **complex track** for case management purposes; and

4       P.   Any other matters which the parties feel will aid

5  the Court in resolving this dispute in a just, speedy, and

6  inexpensive manner.

7       (6)   <u>The plaintiff shall serve a copy of this order on all</u>

8  <u>defendants who have not filed an appearance with the Court,</u>

9  <u>either with service of process or promptly after receipt of</u>

10 <u>this order if service was accomplished prior to such receipt,</u>

11 <u>and shall promptly file a notice of such service.</u>  It shall be

12 the responsibility of the plaintiff to timely initiate the

13 communication necessary to prepare the Joint Case Management

14 Report.  **THE PARTIES AND THEIR COUNSEL ARE WARNED THAT**

15 **APPROPRIATE SANCTIONS MAY BE IMPOSED PURSUANT TO FED.R.CIV.P.**

16 **16(f) AND FED.R.CIV.P. 37(b)(2) IF THERE IS A FAILURE TO TIMELY**

17 **COMPLY WITH THIS ORDER OR IF THERE IS A FAILURE TO ATTEND THE**

18 **SCHEDULING CONFERENCE.**  If a party or counsel believes that

19 good cause exists to continue the deadline for filing the Joint

20 Case Management Report and the Scheduling Conference date, it

21 shall be that person's responsibility to formally seek such a

22 continuance <u>prior</u> to the date for filing the Joint Case

23 Management Report.[4]

24

25 _____

26      [4]
        In order to conserve scarce judicial resources, the parties are
27 directed to promptly inform the Court if they are involved in negotiations
   which they reasonably believe may make the resolution of <u>any pending motion</u>
28 unnecessary.

1    (7)  After the Scheduling Conference, the Court will enter

2  a Scheduling Order, which shall control the course of this

3  action, unless modified by subsequent order.  This Court views

4  this Scheduling Conference as critical to its case management

5  responsibilities and those of the parties, and the parties are

6  cautioned that the <u>deadlines set at this conference shall be</u>

7  <u>enforced and that no amendments to the Scheduling Order shall</u>

8  <u>be made without a court order</u>.

9    (8)  **The parties shall satisfy the filing requirement of**

10 **Fed.R.Civ.P. 26(a)(4) by filing with the Clerk of the Court a**

11 **notice of disclosure - no copies of any actual disclosures**

12 **shall be filed with the Court. (See LRCiv 5.2).**

13    DATED this 28th day of March, 2006.

14

15

16

17                    Paul G. Rosenblatt
                      United States District Judge

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Xxxxx,                                  )
                                        )
          Plaintiff,                    )        CV _____ P__ PGR
                                        ))
      vs.                               )
                                        )        <u>SCHEDULING ORDER</u>
Yyyyy,                                  )
                                        )
          Defendant.                    )
_____)

     A Scheduling Conference having been held before this Court

on _____,

     IT IS ORDERED that:

     (1)  Motions pursuant to Fed.R.Civ.P. 12(b), motions to

amend pleadings, and motions to join additional parties shall

be filed no later than _____.[5]

     (2)  Parties shall exchange their respective initial

disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and file with

the Court a notice of such exchange, no later than _____.

_____

     [5]     In order to conserve scarce judicial resources, the parties are
directed to promptly inform the Court if they are involved in negotiations
which they reasonably believe may make the resolution of <u>any pending motion</u>
unnecessary.

**EXHIBIT TO ORDER**

The plaintiff shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than _____.  The defendant shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than _____.  Expert witness depositions shall be completed by _____.

(3)   All discovery, including answers to interrogatories, shall be completed by _____, and supplemental disclosures and discovery responses shall thereafter be made as required by Fed.R.Civ.P. 26(e).  Discovery which cannot be timely responded to prior to the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.  Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties.  If parties cannot reach a resolution of discovery disputes arising during depositions, they are directed to arrange a conference call with the Court to resolve the disputes.

(4)   All dispositive motions shall be filed by _____.

(5) A Joint Pretrial Statement shall be filed by _____. If dispositive motions are filed, then this Joint Pretrial Statement shall be due either on the above date or 30 days following the resolution of the motions, whichever is later. The content of the Joint Pretrial Statement shall include, but not be limited to, that prescribed in a standard form of Joint Pretrial Statement provided to the parties.  The parties shall

1   augment the Joint Pretrial Statement as necessary so it
2   contains all of the pretrial disclosures as defined and
3   required by Fed.R.Civ.P. 26(a)(3).  It shall be the
4   responsibility of the plaintiff to timely initiate the process
5   of drafting the Joint Pretrial Statement and the plaintiff
6   shall submit its draft of the Joint Pretrial Statement to the
7   defendant no later than ten business days prior to the date for
8   filing the Joint Pretrial Statement.

9        (6)   Motions in limine shall be filed no later than the
10  date of filing of the Joint Pretrial Statement.  Responses to
11  motions in limine are due ten business days after service.  No
12  replies are permitted.  The hearing on the motions in limine,
13  if one is permitted by the Court, will take place at the time
14  of the Pretrial Conference.  No motion in limine shall be filed
15  unless a statement of moving counsel is attached thereto
16  certifying that after personal consultation and sincere efforts
17  to do so, counsel have been unable to satisfactorily resolve
18  the matter.

19       (7)   The attorneys for each party who will be responsible
20  for trial of the lawsuit, or the parties if pro per, shall
21  appear and participate in a Pretrial Conference on _____.
22  Because Pretrial Conferences are held for the parties' benefit,
23  and further because the parties' presence will facilitate frank
24  discussion of the pertinent issues in the lawsuit, each party
25  or a representative with binding settlement authority shall
26  attend the Pretrial Conference.  If dispositive motions are
27  filed, the Court will continue the date of the Pretrial
28

3

Conference, if one is still necessary, until after the resolution of such motions and the filing of a Joint Pretrial Statement.

(8) Selection of a trial date, and directions for filing trial briefs, proposed findings of fact and conclusions of law or proposed jury instructions and voir dire questions, and for marking trial exhibits shall be set forth in an order entered following the completion of the Pretrial Conference.

(9) **The parties are cautioned that the deadlines set in this Scheduling Order shall be enforced, and that the Court will not entertain any stipulations to continue them - any request to extend any of the deadlines set herein must be made by means of a motion, joint or otherwise, and no such motion shall be granted unless very good cause is shown.**

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
Xxxxxxxx,                      )
                               )
              Plaintiff,       )        CV _____ P__ PGR
                               )
        vs.                    )        JOINT PRETRIAL STATEMENT
Yyyyyyyy,                      )
                               )
              Defendant.       )
_____)
```

Pursuant to the Scheduling Order entered on
_____, the following is the parties' Joint Pretrial
Statement.

**A.**   **COUNSEL FOR THE PARTIES**.  Include mailing address,
         office phone and fax numbers.

**B.**   **STATEMENT OF JURISDICTION**.  Cite the facts and the
         statute(s) which give this Court jurisdiction.

**C.**   **PARTIES REMAINING IN ACTION.** List the parties named
in the operative complaint who have not been dismissed from the
action.  If any of the remaining parties have not been served,
list those parties separately.

**D.**   **CLAIMS/CAUSES OF ACTIONS REMAINING IN ACTION.** List by
name and count number (if any) the claims or causes of action

**EXHIBIT TO ORDER**

1 | in the operative complaint that have not been previously
2 | dismissed.
3 |     **E.    NATURE OF ACTION**.  Provide a concise statement of the
4 | type of case, the cause of action, and the relief sought.
5 |     **F.    CONTENTIONS OF THE PARTIES.**  With respect to each
6 |         count
7 | of the complaint, counterclaim or cross-claim, and to any
8 | defense or rebuttal of a presumption where the burden of proof
9 | has shifted, the party having the burden of proof shall list
10 | the elements or standards that must be proved in order for the
11 | party to prevail on that claim or defense.  Brief citation to
12 | relevant legal authority is required.  Statements made shall
13 | not be in form of a question but should be a concise narrative
14 | statement of each party's contention as to each uncontested and
15 | contested issue.
16 |     **G.    STIPULATIONS AND UNCONTESTED MATERIAL FACTS.**
17 |     **H.    CONTESTED ISSUES OF MATERIAL FACT.**  Each issue of
18 |         fact must be stated separately and in specific terms,
19 |         as must the parties' contentions as to each issue.
20 |     **I.    CONTESTED ISSUES OF LAW.**  Each issue of law must be
21 |         stated separately and in specific terms, as must the
22 |         parties' contentions as to each issue.
23 |     **J.    WITNESSES.**  List all potential witnesses by name and
24 |         address, identifying each as either plaintiff's or
25 |         defendant's, and indicating (1) whether the witness
26 |         is a fact or expert witness, (2) whether the witness
27 |         will be called at trial, may be called at trial, or
28 |

2

is unlikely to be called at trial, and (3) if outside the Court's subpoena power, whether the witness has been contacted to determine if the witness will voluntarily agree to testify.  A brief statement as to the anticipated testimony of each witness must be included.

K.   **LIST OF EXHIBITS.**  Potential exhibits shall be numbered and listed by each party, with a description of each containing sufficient information to identify the exhibit, and indicating as to each exhibit whether the parties have or will agree to its admission or whether an objection is anticipated. The party opposing the admission of any exhibit shall specify the objection and briefly explain the basis for the objection.  Those portions of depositions that will be read at trial must be listed by page and line number, and objections thereto must be specified.

L.   **LIST OF PENDING MOTIONS**.  Identify by name and date of filing.

M.   **PROBABLE LENGTH OF TRIAL AND WHETHER A JURY TRIAL OR BENCH TRIAL.**  The reason for any dispute as to whether a jury trial was timely requested must be specified.

3

1  **APPROVED AS TO FORM AND CONTENT:**

2

3

_____     _____
4  Attorney for Plaintiff(s)          Date

5

_____     _____
6  Attorney for Defendant(s)          Date

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28